UNITED STATES of America, Plaintiff–Appellee,

v.

TEN CARTONS, MORE OR LESS, OF AN ARTICLE ... * * *ENER–B VITAMIN B–12, etc., et al., Defendants.

UNITED STATES of America, Plaintiff–Appellee,

v.

NATURE'S BOUNTY, INC., Defendant–Appellant.

Nos. 250, 251, Dockets 95–6051, 95–6063.

United States Court of Appeals, Second Circuit.

Argued Oct. 18, 1995.

Decided Dec. 19, 1995.

Charles S. Kleinberg, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York (Zachary W. Carter, United States Attorney, Igou Allbray, Deborah B. Zwany, Assistant United States Attorneys, Brooklyn, New York, Denise Zavagno, Matthew Eckle, Food and Drug Administration, Washington, D.C., of counsel), for Plaintiff–Appellee.

Milton A. Bass, New York City (Robert Ullman, Jacob Laufer, James N. Czaban, Bass & Ullman, P.C., New York City, of counsel), for Defendant–Appellant.

Before: MESKILL, MAHONEY, and WALKER, Circuit Judges.

PER CURIAM:

Defendant-appellant Nature's Bounty, Inc. ("Nature's Bounty") appeals from a judgment entered April 14, 1995 in the United States District Court for the Eastern District of New York, Arthur D. Spatt, *Judge*, that permanently enjoined Nature's Bounty from introducing into interstate commerce Ener–B Nasal Gel ("Ener–B"), a vitamin B–12 supplement in gel form designed to be applied to the inside of the nose and absorbed into the bloodstream through the nasal mucosal membranes, or any other nasally administered nutrient unless and until authorized by a new drug application that has been reviewed and approved by the Food and Drug Administration (the "FDA") pursuant to 21 U.S.C. § 355. Initially by order of the district court and subsequently by stipulation of the parties, enforcement of the injunction was stayed pending the resolution of this appeal.

The district court ruled that Ener–B is a drug within the meaning of § 201(g)(1)(C) of the Federal Food, Drug, and Cosmetic Act (the "FDCA"), 21 U.S.C. § 321(g)(1)(C), which classifies as drugs "articles (other than food) intended to affect the structure or any function of the body of man."[1] *See United States v. Ten Cartons, Ener–B Nasal Gel,* 888 F.Supp. 381 (E.D.N.Y.1995). Because Nature's Bounty conceded that Ener–B is "intended to affect the structure or any function of the body," the key issue below regarding § 321(g)(1)(c) was whether Ener–B's unique method of intake rendered it "other than food" within the meaning of that subsection. *See id.* at 390–92. The district court also determined that Ener–B is not a "dietary supplement" within the meaning of 21 U.S.C. § 321(ff),[2] a provision that was added

---

1. The full definition of "food" and "drug" for purposes of the FDCA is set forth in § 321 as follows:

(f) The term "food" means (1) articles used for food or drink for man or other animals, (2) chewing gum, and (3) articles used for components of any such article.

(g)(1) The term "drug" means (A) articles recognized in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; and (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and *(C) articles (other than food) intended to affect the structure or any function of the body of man or other animals;* and (D) articles intended for use as a component of any article specified in clauses (A), (B), or (C) of this paragraph. A food or dietary supplement for which a claim, subject to sections 343(r)(1)(B) and 343(r)(3) of this title or sections 343(r)(1)(B) and 343(r)(5)(D) of this title, is made in accordance with the requirements of section 343(r) of this title is not a drug solely because the label or the labeling contains such a claim. A food, dietary ingredient, or dietary supplement for which a truthful and not misleading statement is made in accordance with section 343(r)(6) of this title *is not a drug under clause (C) solely because the label or the labeling contains such a statement.*

*Id.* (emphasis added).

2. Section 321(ff) provides in pertinent part:

The term "dietary supplement"—
(1) means a product (other than tobacco) intended to supplement the diet that bears or contains one or more of the following dietary ingredients:
(A) a vitamin;
... [and]
(2) means a product that—

to the FDCA by § 3 of the Dietary Supplement Health and Education Act of 1994, Pub.L. No. 103–417, 1994 U.S.C.C.A.N. (108 Stat.) 4325, 4327 (the "DSHEA"). *See* 888 F.Supp. at 392–95.

Nature's Bounty contends on appeal that Ener–B is a "dietary supplement" within the meaning of § 321(ff), and that because it is a dietary supplement, Ener–B cannot be a § 321(g)(1)(C) drug. The district court concluded that Ener–B's method of intake precludes its classification as a dietary supplement. *See* 888 F.Supp. at 392–95. We need not determine whether this ruling was correct because even if Ener–B were to qualify as a dietary supplement under § 321(ff), that status would not be relevant to the determination whether Ener–B is a drug within the meaning of § 321(g)(1)(C).

█ Section 321(ff) specifies that: "Except for the purposes of [section 321](g), a dietary supplement shall be deemed to be a food within the meaning of [the FDCA]." *See supra* note 2. The clear import of this language is that a product satisfying the § 321(ff) definition of a dietary supplement shall be treated as food for the purposes of certain sections of the FDCA (such as its adulterated food and food labeling provisions, 21 U.S.C. §§ 342, 343), but will not automatically qualify as food within the meaning of § 321(g)(1)(C). Instead, a dietary supplement's status as a food or a drug should be determined by the application of § 321(g)(1)(C) without reference to the terms and provisions of § 321(ff). *See American Health Prods. Co. v. Hayes,* 574 F.Supp. 1498, 1504–07 (S.D.N.Y.1983) (interpreting the "other than food" language of § 321(g)(1)(C)), *aff'd,* 744 F.2d 912 (2d Cir. 1984) (per curiam).

█ Our reading of the statutory scheme is supported by another provision of § 321(g)(1) which was added by § 10(a) of DSHEA, and states that a dietary supple-

ment "is not a drug under clause (C) *solely* because the label or the labeling contains" certain "truthful and not misleading statement[s]" regarding the supplement's benefits related to classical nutrient deficiency diseases. 21 U.S.C. § 321(g)(1) (emphasis added); *see supra* note 1. This language clearly implies that a dietary supplement can be a drug under § 321(g)(1)(C) for other reasons, such as its method of intake. We also find persuasive the fact that Congress considered and rejected a version of the DSHEA that would have added to § 321(g) a provision stating that (subject to certain exceptions): "The term 'drug' does not include a dietary supplement as defined in paragraph (ff)...." 140 Cong.Rec. S11706 (daily ed. Aug. 13, 1994). We are reluctant to give a statute a meaning that Congress considered and rejected, and we decline to do so here. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 442–43, 107 S.Ct. 1207, 1219, 94 L.Ed.2d 434 (1987) (" 'Few principles of statutory construction are more compelling than the proposition that Congress does not intend *sub silentio* to enact statutory language that it has earlier discarded in favor of other language.' ") (quoting *Nachman Corp. v. Pension Benefit Guar. Corp.,* 446 U.S. 359, 392–93, 100 S.Ct. 1723, 1742, 64 L.Ed.2d 354 (1980) (Stewart, J., dissenting)). We conclude that the FDA may regulate Ener–B as a drug pursuant to § 321(g)(1)(C) whether or not Ener–B is a "dietary supplement" within the meaning of § 321(ff).[3]

The judgment of the district court is accordingly affirmed.

---

(A)(i) is intended for ingestion in a form described in section 350(c)(1)(B)(i) of this title; or
(ii) complies with section 350(c)(1)(B)(ii);
(B) is not represented for use as a conventional food or as a sole item of a meal or the diet; and
(C) is labeled as a dietary supplement....

Except for purposes of [section 321](g), a dietary supplement shall be deemed to be a food within the meaning of [the FDCA].

**3.** We also find without merit Nature's Bounty's contention that the district court's injunction is overbroad.